NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JH KELLY, LLC, a Washington limited liability company,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>TIANWEI NEW ENERGY HOLDINGS CO., LTD., a People's Republic of China company; et al.,<br><br>              Defendants-Appellees. | No.    14-36040<br><br>D.C. No. 4:13-cv-00368-BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted December 4, 2017
Seattle, Washington

Before:  HAWKINS and CHRISTEN, Circuit Judges, and KOBAYASHI,[**] District Judge.

   JH Kelly, LLC appeals the dismissal of its first amended complaint with prejudice.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

   [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Even absent an express request for leave to amend, JH Kelly's fraud-based claims should not have been dismissed with prejudice.[1] *See Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)). The first amended complaint provided the defendants with ample notice of the "misconduct which is alleged to constitute the fraud charged" and comes very close to stating a plausible claim of fraud with the requisite particularity. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

There was no finding that the pleading deficiencies could not be cured by alleging additional facts consistent with the first amended complaint. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). And, at oral argument in this appeal, JH Kelly confirmed that it could allege additional facts to cure the deficiencies identified in the district court's order, given the opportunity to do so. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998) (dismissal without leave to amend improper "'unless it is clear, upon de novo review, that the complaint could not be saved by any amendment'" (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

**VACATED AND REMANDED.**

Each party shall bear their own costs.

---

[1] JH Kelly does not challenge the dismissal of its negligence claim with prejudice.